United States Court of Appeals,

Fifth Circuit.

No. 92–1316.

(Summary Calendar).

Gemeral Earnest BERRY, Jr., Plaintiff–Appellant,

v.

CIGNA/RSI–CIGNA, Defendant–Appellee.

Oct. 29, 1992.

Appeals from the United States District Court for the Northern District of Texas.

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff, Gemeral Earnest Berry, Jr., brought an employment discrimination suit against his employer, CIGNA/RSI–CIGNA ("Cigna"). Berry appeals the district court's sua sponte order dismissing his suit for failure to prosecute. Finding that the district court abused its discretion by dismissing Berry's suit, we reverse and remand.

I

General Earnest Berry, Jr., an African–American employee of Cigna, filed an employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that after being promoted, Cigna paid him less than white employees holding identical positions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981. On June 26, 1991, Berry received a right-to-sue letter from the EEOC.

The ensuing litigation proceeded as follows:

1. On September 23, 1991, Berry filed a Title VII and § 1981 suit against Cigna in federal district court.

2. On October 1, 1991, Berry filed his first amended complaint.

3. On October 28, 1991, Cigna filed a motion to dismiss Berry's § 1981 claim. On November 8, 1991, Berry filed an opposition to Cigna's motion to dismiss. On November 26, 1991, the district court granted Cigna's motion to dismiss.

4. On December 6, 1991, Berry filed a motion for reconsideration concurrently with a motion to amend his original complaint. Cigna replied to Berry's motion for reconsideration on January 3, 1992.

5. On January 6, 1992, Berry moved for leave to file a second amended complaint. On that same day, the district court denied Berry's motion for reconsideration. On January 29, 1992, the district court denied Berry's motion to file a second amended complaint.

On March 17, 1992, the district court dismissed Berry's complaint (consisting now of the Title VII claim only), without prejudice and without notice, because Berry had failed to move for default judgment against Cigna.[1] The district court's order for dismissal cited Rule 3.1(h), Local Rules for the United States District Court for the Northern District of Texas, ("Local Rule 3.1(h)") which directs the district court to dismiss an action summarily if a plaintiff fails to move for default judgment after a defendant is in default for ninety days.[2] On March 20, 1992, Berry filed a motion to reinstate his suit. The district court denied the motion, stating that the dismissal was proper under Local Rule 3.1(h), and that Berry had failed to show why the rule should not apply to his case. Berry appeals the district court's dismissal of his Title VII suit against Cigna.

II

A dismissal for failure to file a motion for default judgment is equivalent to a dismissal for failure to prosecute. *See Williams v. Brown & Root, Inc.,* 828 F.2d 325, 326–27 (5th Cir.1987) (dismissal of plaintiff's suit for failure to file a motion for default judgment, as required by local rule, treated as dismissal for failure to prosecute). Furthermore, we treat the dismissal of Berry's suit for failure to prosecute as an involuntary dismissal under Fed.R.Civ.P. 41(b).[3] *See Boudwin v. Graystone*

---

[1]Cigna was in default because it had not yet filed an answer to Berry's Title VII complaint.

[2]Local Rule 3.1(h) provides:

> (h). Failure to Obtain Default Within 90 Days. Where a defendant has been in default for a period of 90 days, but plaintiff has failed to move for default judgment, the action will be summarily dismissed as to that defendant, without prejudice and without notice.

[3]Berry argues that the district court should have applied Fed.R.Civ.P. 55(a) rather than Local Rule 3.1(h). Rule 55(a) only authorizes the court to enter a default judgment against a defendant who fails to file pleadings; it does not state whether a court may dismiss a case where the plaintiff fails to file a motion for default judgment. Because Fed.R.Civ.P. 41(b) governs involuntary dismissals for failure to prosecute, we consult decisions applying Rule 41(b).

*Ins. Co.,* 756 F.2d 399, 400 n. 1 (5th Cir.1985) (where district court dismissed plaintiff's suit for failure to prosecute, this Court on appeal treated the dismissal as an involuntary dismissal under Fed.R.Civ.P. 41(b)).

Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute.[4] *Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir.1984); *Rogers v. Kroger Co.,* 669 F.2d 317, 319–20 (5th Cir.1982). This authority is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

Berry argues that (1) he is time-barred from reasserting a Title VII claim against CIGNA, and (2) because he is time-barred from bringing another Title VII suit, we should treat the dismissal without prejudice as if it were a dismissal with prejudice. A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f); *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1027 (5th Cir.1988). If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period. *See Digital Equip. Corp.,* 846 F.2d at 1027 (where plaintiff's Title VII suit had been dismissed for failure to prosecute, ninety-day limitations period had not been tolled by timely filing of Title VII suit, and second Title VII lawsuit was time-barred). Consequently, we conclude that Berry is time-barred from reasserting a Title VII claim against Cigna.

We also agree that we should treat the dismissal of Berry's case as a dismissal with prejudice. "Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir.1981); *see also Williams,* 828

---

[4]Fed.R.Civ.P. 41(b) provides:

> (b) Involuntary Dismissal:  Effect Thereof....  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant.

F.2d at 329; *Boazman v. Economics Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976).

We review a dismissal with prejudice for failure to prosecute for abuse of discretion. *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986); *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1519 (5th Cir.1985). A dismissal with prejudice " "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.' " *Callip,* 757 F.2d at 1519 (quoting *McGowan,* 659 F.2d at 556); *see also McGlathery,* 792 F.2d at 474. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice. *McGlathery,* 792 F.2d at 474; *Callip,* 757 F.2d at 1519.

We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay[5] or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Callip,* 757 F.2d at 1519–21; *McGlathery,* 792 F.2d at 474; *Boudwin,* 756 F.2d at 401; *Morris,* 730 F.2d at 252. Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *McGlathery,* 792 F.2d at 474; *see also Callip,* 757 F.2d at 1529.

Applying the standards pertaining to Fed.R.Civ.P. 41(b) to this case, we find that the district court abused its discretion by involuntarily dismissing Berry's suit for failure to prosecute. The order of dismissal for failure to prosecute does not contain express findings upon which the dismissal was based. It merely states that the case was being dismissed because Berry had failed to move for default judgment against Cigna. Furthermore, nothing in the record indicates a clear record of delay or contumacious conduct.[6] In fact, the record contains no evidence showing "significant periods of total

---

[5]A clear record of delay is found where there have been " "significant periods of total inactivity.' " *Morris,* 730 F.2d at 252.

[6]Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice. *See, e.g., Morris v. Ocean Systems,* 730 F.2d 248, 252 (5th Cir.1984) (no clear record of delay or contumacious conduct where counsel failed twice to comply with court-imposed deadlines

inactivity." *See Morris,* 730 F.2d at 252. In addition, there is no evidence that the district court determined that lesser sanctions would be appropriate. Neither does the record contain any of the aggravating factors discussed in *McGlathery.* The district court apparently dismissed Berry's lawsuit merely because of Berry's failure to file a motion for default judgment. Because this does not amount to a clear record of delay or contumacious conduct,[7] and because there has been no showing of the futility of lesser sanctions, we hold that the district court abused its discretion in involuntarily dismissing Berry's case for failure to prosecute.

### III

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings.

---

requiring counsel to notify court of plaintiff's rejection of settlement offers), *Burden v. Yates,* 644 F.2d 503, 504–05 (5th Cir.1981) (no clear record of delay or contumacious conduct where counsel failed to file three documents on time); *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556–58 (5th Cir.1981) (no clear record of delay or contumacious conduct where counsel failed to comply with scheduling and other pretrial orders); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 384–85 (5th Cir.1978) (no clear record of delay or contumacious conduct where counsel failed to answer interrogatories, failed to confer with defendant on pretrial order, and failed to appear at a pretrial conference).

On the other hand, where a plaintiff has failed to comply with several court orders or court rules, we have held that the district court did not abuse its discretion in involuntarily dismissing the plaintiff's suit with prejudice. See, e.g., *Price v. McGlathery,* 792 F.2d 472, 474–75 (5th Cir.1986) (clear record of delay and contumacious conduct where counsel failed to file pretrial order, failed to appear at a pretrial conference, and failed for almost a year to certify that he would comply with the district court's order); *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1515–17, 1521 (5th Cir.1985) (clear record of delay and contumacious conduct where counsel failed to comply with nine deadlines imposed by the rules of procedure or by orders of the court).

[7]In *Williams,* the district court dismissed the plaintiff's case pursuant to a local rule—similar to the local rule at issue here—which required the plaintiff to file a motion for default judgment within 60 days after the defendant defaulted. *See Williams,* 828 F.2d at 326–27. On appeal, this Court stated that the local rule apparently allowed the district court to dismiss a case where the plaintiff merely failed to move for a default judgment. *See Id.* at 329. The Court stated that, "without other evidence of delay and without the consideration of lesser sanctions, such an application of [the local rule] would not meet the involuntary dismissal standards [of Fed.R.Civ.P. 41(b) ]." *Id.*