UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30792
Summary Calendar
_____

ERIC TREADAWAY,

                                        Plaintiff-Appellant,

                      versus

JACK STEPHENS,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
              Eastern District of Louisiana
                   (94-CV-3973-R)
_____

March 14 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eric Treadaway, a Louisiana state prisoner, appeals the dismissal of his civil rights complaint for failure to prosecute. Finding that the district court erred in dismissing the suit with prejudice, we reverse and remand.

A district court's dismissal of a complaint with prejudice may be affirmed only if (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) either the district

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

court has expressly determined that lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). A clear record of delay is found where there have been "significant periods of total inactivity." Morris v. Ocean Systems, 730 F.2d 248, 252 (5th Cir. 1984).

The district court made no express findings on the efficacy of lesser sanctions for Treadaway's failure to comply with the magistrate judge's orders. Further, there is not a clear record of delay in this case. Treadaway did fail to comply with the order to file the pretrial documents and the order to show cause why the suit should not be dismissed for failure to prosecute. Nevertheless, in general, "where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." Berry, 975 F.2d at 1191 n.6.

Moreover, Treadaway did later respond, asserting that he had been placed in isolation for disciplinary reasons and that he was not allowed any incoming or outgoing mail during that time.[1] Treadaway's conduct does not appear sufficiently egregious to warrant dismissal of his complaint with prejudice, rendering the district court's dismissal under the circumstances of this case an abuse of discretion. We REVERSE and REMAND for further

---

[1] Additionally, Treadaway filed objections to the magistrate judge's report and recommendation, arguing that he could not comply with the court's order of February 8 until after discovery had been completed. He asserted that he had so informed the court by letter. The letter, however, is not in the record.

proceedings.