**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20880

(Summary Calendar)
_____


MICHAEL BOHANNAN,

                              Plaintiff-Appellant,

versus

TEXAS   DEPARTMENT   OF   CRIMINAL
JUSTICE,  INSTITUTIONAL  DIVISION;
JAMES    COLLINS;    WAYNE    SCOTT,
DIRECTOR,    TEXAS    DEPARTMENT   OF
CRIMINAL    JUSTICE,    INSTITUTIONAL
DIVISION; SHERRY BROWN; FRANK HOKE;
BRUCE AUGUST; JESSE R ROLAN,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-95-1435)
_____
April 5, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Plaintiff  Michael  Bohannan  appeals  the  district  court's
dismissal with prejudice of his *pro se* and *in forma pauperis* § 1983
civil rights claim.  We vacate the district court's dismissal and
remand.

_____

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

Following the revocation of his mandatory supervised release, Bohannan was incarcerated at the Texas Department of Criminal Justice's San Saba facility. Bohannan brought two petitions for writs of habeas corpus, both of which were denied. Citing the San Saba facility's inadequate legal resources, Bohannan filed a *pro se* and *in forma pauperis* civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that he had been denied meaningful access to the courts while preparing his habeas petitions. The magistrate judge ordered Bohannan to furnish a more definite statement of the facts underlying his claim. After Bohannan responded, the magistrate judge issued a second order for a more definite statement, and stated that Bohannan's failure to respond within thirty days "may result in dismissal" of his suit. That same day, Bohannan filed a notice of change of address that referenced his new mailing address in Beaumont, Texas. According to a docket sheet entry dated one week later, the second order for a more definite statement was returned "undeliverable" and was "re-mailed to the address in file." After thirty two days without receiving a response from Bohannan, the district court entered an order dismissing Bohannan's § 1983 claim with prejudice.[1] Bohannan then filed a motion for relief from the district court's order, claiming that his failure

---

[1] The district court's order of dismissal does not state whether the suit is dismissed with or without prejudice. However, unless an involuntary order of dismissal specifies that it is without prejudice, the dismissal "operates as an adjudication upon the merits." FED. R. CIV. P. 41(b); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

to respond was due to "excusable neglect."  The district court denied his motion.  Bohannan filed a timely notice of appeal.

II

The district court dismissed Bohannan's action because he failed to respond to the second order for a more definite statement within the prescribed time.  Rule 41(b) authorizes a district court to dismiss *sua sponte* an action for failure to prosecute.  FED. R. CIV. P. 41(b).  We review a Rule 41(b) dismissal with prejudice for abuse of discretion.  *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1190-91 (5th Cir. 1992).  This Court has previously noted that dismissal with prejudice for failure to prosecute is an extreme and harsh sanction.  *Id.*  Dismissal with prejudice is appropriate only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not serve the best interests of justice. *Id.* at 1191.  The intentional delay should be longer than just a few months and must be characterized by "significant periods of inactivity."  *McNeal v. B.H. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (internal quotation marks omitted); *see also Burden*, 644 F.2d at 505 (finding an abuse of discretion where the plaintiff's failure to comply with the court order was merely negligent and not intentional).[2]

---

[2]    We also examine the record for the presence of the following aggravating factors: (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct.  *Berry*, 975 F.2d at 1191.

-3-

Having reviewed the record, we find no clear evidence of delay or contumacious conduct. Only thirty-two days elapsed from the date the second order for a more definite statement was entered to the date of dismissal. Until that time, Bohannan had diligently pursued his claim, complying in a timely manner with the court's initial order for a more definite statement. Bohannan notified the district court of his new address prior to the second order being remailed. We are unable to determine from the record whether Bohannan received the second order or whether it was even sent to the correct address. However, even if we assume that Bohannan did receive the second order, there is no evidence in the record that he intended to delay the proceedings. *Compare Burden v. Yates*, 644 F.2d 503, 504-05 (5th Cir. 1981) (finding no clear record of delay or contumacious conduct even though plaintiff failed to file three documents within court-imposed deadlines) *with Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985) (finding a clear record of delay and contumacious conduct after plaintiff violated nine deadlines imposed by court orders or rules of procedure).[3] Moreover, the record does not establish that the district court expressly determined whether lesser sanctions, such as a fine or dismissal without prejudice, would be sufficient to encourage diligent prosecution in this case. *See Callip*, 757 F.2d at 1521 (holding that dismissal with prejudice is not appropriate unless the district court expressly considered alternative

---

[3] There is also no evidence in the record that the delay prejudiced the defendants in this case.

-4-

sanctions).  We therefore conclude that the district court abused its discretion in dismissing Bohannan's § 1983 suit with prejudice.[4]

III

For the foregoing reasons, we VACATE the district court's dismissal and REMAND for further proceedings.

---

[4]    Bohannan also appeals from the district court's denial of his motion for relief from the court's dismissal.  Because we find that the district court abused its discretion in dismissing his § 1983 suit, we do not need to reach this claim.