IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41035
(Summary Calendar)
_____


DARRELL E. BALDWIN,

                                        Plaintiff-Appellant,

                        versus

JIMMY ROLLO, Captain; JAMES MCCORMICK,
Lieutenant; JOHN JACOBS, Sergeant;
JASON JEFFUS, Sergeant; COY PRICE,
COIII; RAYMOND WATKINS, COIII;
ORLANDO JOHNSON, COIII; JOE NELL ROSS, COIII,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(USDC No. 9:96-CV-251)
- - - - - - - - - -
November 24, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Darrell E. Baldwin, Texas prisoner #491905, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to comply with court orders under Fed. R. Civ. P. 41(b). Baldwin does not specifically raise an issue relating to the basis of the district court's dismissal under Rule 41(b), other than to state that he

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complied with the court's orders directing him to file a properly certified <u>in forma pauperis</u> application.

A district court may <u>sua sponte</u> dismiss an action for failure to prosecute or to comply with any court order. <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988). Although the district court dismissed Baldwin's complaint without prejudice, the dismissal operates as a dismissal with prejudice because Baldwin would be barred by the applicable limitations period from filing a new complaint. <u>See</u> <u>Berry v. GIGNA/RSI-CIGNA</u>, 975 F.2d 1188, 1191 (5th Cir. 1992). Thus, the dismissal is properly analyzed as one with prejudice.

Baldwin did not object to the report and recommendation of the magistrate judge. Accordingly, this court's review is limited to plain error. <u>Douglass v. United Servs. Auto. Assn</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To prevail on plain-error review, an appellant must show: "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" <u>Highlands Ins. Co. v. National Union Fire Ins. Co.</u>, 27 F.3d 1027, 1032 (5th Cir. 1994).

Ordinarily this court will affirm a dismissal with prejudice only "(1) upon a showing of `a clear record of delay <u>or</u> contumacious conduct by the plaintiff' and (2) when 'lesser sanctions would not serve the best interests of justice.'"

Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1159 (5th Cir. 1985) (emphasis original) (citations omitted).  Dismissal with prejudice is "[t]he ultimate sanction for the litigant," and "should be imposed only after full consideration of the likely effectiveness of less-stringent measures."  Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984).

The record does not clearly evince delay or contumacious conduct on the part of Baldwin, even though he failed to respond, or to respond adequately, to two different court orders.  See Berry, 975 F.2d at 1191-92 n.6. ("Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice.")  Although the district court warned Baldwin that failure to comply with its orders could result in dismissal, the record does not reflect that the court considered or employed any alternative lesser sanction, such as a monetary sanction, prior to dismissing the suit.  Therefore, the district court's dismissal was plain error.  Hornbuckle, 732 F.2d at 1237.

Baldwin also seeks appointment of counsel on appeal.  Because we vacate and remand the case to the district court, the motion for appointment of counsel on appeal is denied as unnecessary.

ORDER OF DISMISSAL VACATED and REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.