No. 98-50439
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50439
Summary Calendar
_____

HAROLD DOUGLAS JONES,

                                        Plaintiff-Appellant,

versus

RAUL J. MATA; P.A. BENNETT,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-292
--------------------
February 4, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Harold Jones, Texas prisoner # 673125, appeals the dismissal

of his 42 U.S.C. § 1983 action for failure to prosecute.  He

asserts that the district court erred in finding that he failed

to submit completed summons forms for the defendants in this

matter.  Jones also moves this court for the appointment of

counsel.

     We review the dismissal of an action for failure to

prosecute for an abuse of discretion.  See Berry v.

Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992); Fed. R.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Civ. P. 41(b). The scope of the district court's discretion is narrowed, however, when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar reprosecution of a suit dismissed without prejudice. Berry, 975 F.2d at 1190-91. Jones would be barred by the applicable statute of limitations from reinstituting this action. See Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991); Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1994). Accordingly, we will affirm the dismissal of his action only if there is a clear record of delay or contumacious conduct by Jones, and the district court has expressly determined that lesser sanctions would not serve the best interests of justice. See Berry, 975 F.2d at 1191.

Jones's assertion that, within a reasonable time of being granted in forma pauperis status, he submitted completed summons forms for the defendants is supported by the record. Thus, the district court's proffered justification for dismissing the action appears to be without foundation. Inasmuch as there is no clear evidence of delay or contumacious conduct on Jones's part, we VACATE the dismissal of Jones's § 1983 action and REMAND with instructions that the district court again order the defendants served.

Jones's request for the appointment of counsel is DENIED. This request should be directed to the district court.

VACATED AND REMANDED.