No. 99-40330
- 1 -

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40330
Summary Calendar
_____

MICHAEL GLENN WILLIAMS,

Plaintiff-Appellant,

versus

KENNETH PATMAN; NFN GARCIA, Captain;
GARY L. JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division;
JASON CALHOUN; UNIT HEALTH ADMINISTRATORS-
DIRECTORS; QUENTON BELL, Correctional Officer III;
JENKINS, Field Boss,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-442
--------------------
April 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael Glenn Williams, Texas prisoner # 696404, appeals the dismissal of his 42 U.S.C. § 1983 action for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Williams argues that Mrs. Glass in the law library has denied him the forms for him to seek IFP status. He contends that he wrote to the district court about this problem and filed motions to give his consent to the withdrawal of fees. He contends that he filed his application to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP and gave notice to the district court of these acts of retaliation by the law library and unit officials.  He argues that there has been no showing of a lack of diligence on his part.  He argues that the district court erred in dismissing his application for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Although the district court's dismissal was without prejudice, it became effectively with prejudice due to the operation of Texas' two-year statute of limitations.  There is no clear record of delay or contumacious conduct.  The district court abused its discretion in dismissing Williams' § 1983 action for want of prosecution.  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

We vacate the judgment of the district court and remand this case to the district court for consideration of the merits of Williams' § 1983 claims.

VACATE AND REMAND.