United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11183
Summary Calendar

BRUCE WAYNE HOUSER,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-239-R
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Bruce Wayne Houser, Texas prisoner 460890, filed the instant
28 U.S.C. § 2254 petition to challenge a prison disciplinary
conviction. The district court dismissed the petition pursuant
to FED. R. CIV. P. 41(b) for want of prosecution. Houser now
appeals that decision in accordance with this court's grant of a
certificate of appealability on the issue whether the district
court abused its discretion in dismissing his § 2254 petition.
Houser contends that he did his best to comply with the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's order directing him to fill out a questionnaire and that the district court erred in dismissing his suit.

We review the district court's dismissal under Rule 41(b) for abuse of discretion. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); McNeal v. Papasan, 842 F.2d 787, 789-90 (5th Cir. 1988). When reviewing a dismissal with prejudice under Rule 41(b), we will find an abuse of discretion unless there is a clear record of delay or "contumacious" conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

The district court abused its discretion in dismissing Houser's suit. There is no clear record of delay or contumacious conduct in this case. See Berry, 975 F.2d at 1191 n.6; cf. Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980); see also Morris v. Ocean Systems, Inc., 730 F.2d 248, 252 (5th Cir. 1984). The district court also erred by not considering lesser sanctions before dismissing Houser's suit. See Berry, 975 F.2d at 1191. Consequently, the judgment of the district court is VACATED, and this case is REMANDED for further proceedings.