United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20263
Summary Calendar

_____

JAMES CHARLES BELL,

Plaintiff-Appellant,

versus

WASTE MANAGEMENT, INC., Nationwide All Office(s); DAVID STEINER,
C.E.O,; LAWRENCE O'DONNELL, III; ROBERT G. SIMPSON; RICHARD T.
FELAGO; MICHAEL MIKE CAPLAND, & All Asset(s) of All listed
Hereunder; 15 U.S.C. 80a-2; CHRIS WELLER; SHANE MCCARTY; BARRY M.
WILLOUGHBY, esp., Delaware Supreme Court Bar No. 1016;
SCHMITTINGER & RODRIGUEZ, All Law Office(s); NICHOLAS H.
RODRIGUEZ, Delaware Supreme Court Bar No. 356; WILLIAM D.
FLETCHER, JR., Delaware Supreme Court Bar No. 362; CRAIG T.
ELIASSEN, esq., Delaware Supreme Court Bar No. 2776; DR. WOLFRAM
RIEGER, M.D.; CHRISTINE GARRETT; PETER T. DALLEO; MIKE S.
MCGINNISS; HONORABLE KENT A. JORDON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3656
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

James Charles Bell appeals the district court's dismissal of
his pro se civil rights complaint for want of prosecution because
Bell did not appear for a scheduling conference. Bell argues that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he would not travel 1400 miles for a conference. He noted that service had not been made on the defendants.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). A dismissal is reviewed for an abuse of discretion, but the scope of the discretion in narrowed when the dismissal is with prejudice or if the statute of limitations would bar prosecution of a suit dismissed without prejudice pursuant to Rule 41(b). Id.; Berry v. CIGNA/RSI-CIGNA 975 F.2d 1188, 1190-91 (5th Cir. 1992). There must be "a clear record of delay or contumacious conduct" on the part of the plaintiff or the record must show that lesser sanctions had proved to be futile. Berry, 975 F.2d at 1191.

By not specifically indicating otherwise, the district court's dismissal of the complaint was with prejudice. FED. R. CIV. P. 41(b). It also appears that the statute of limitations would bar prosecution if Bell filed a new complaint. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002).

The record does not reflect that Bell delayed the proceeding or engaged in ongoing contumacious behavior. The district court did not state whether it had considered imposing a less drastic sanction.

However, Bell has not argued on appeal that the sanction of dismissal was too severe in light of his misconduct, and he has not

2

made any other arguments showing that the district court abused its discretion in dismissing the case for failure to prosecute. Although pro se briefs are liberally construed, the pro se party must brief the issues and comply with FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). In the absence of any argument identifying the district court's errors, we affirm the district court's dismissal of the complaint.

AFFIRMED.