United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41293
Summary Calendar
_____

PAUL MINIX,

Plaintiff-Appellant,

versus

UNIT MAJOR UP HAYNES; LIEUTENANT UP PITTS; SERGEANT UP RAMARIZ;
CORRECTIONAL OFFICER UP WILLIAM; MAILROOM SUPERVISOR L. SMITH; UP
SMITH, Gang Intelligence Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-115
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Paul Minix, Texas prisoner # 638154, filed the instant
§ 1983 suit against several officials at the facility where he
was incarcerated to seek redress for alleged acts of retaliation,
discrimination, and harassment as well as purportedly false
disciplinary charges. The district court dismissed the suit
pursuant to FED. R. CIV. P. 41(b) for want of prosecution. Minix
argues that he did his best to comply with the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

orders and the dismissal was not warranted.  Minix also moves this court for copies of records and an evidentiary hearing.

We review the district court's dismissal, which operates as one with prejudice due to the pertinent statute of limitations, for an abuse of discretion.  Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996); McNeal v. Papasan, 842 F.2d 787, 789-90 (5th Cir. 1988).  When reviewing a dismissal with prejudice under Rule 41(b), we will conclude that there has been an abuse of discretion unless there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that milder sanctions would not encourage diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

The dismissal was based on Minix's failure to follow a court order.  The district court did not consider lesser sanctions before dismissing Minix's suit.  The district court abused its discretion in dismissing Minix's suit.  See Berry, 975 F.2d at 1191 & n.6.  Consequently, the judgment of the district court is VACATED, and this case is REMANDED for further proceedings.  All outstanding motions are DENIED.