**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10187
Summary Calendar

BARBARA M BUSH

Plaintiff-Appellant

v.

WARDEN GINNY VAN BUREN; DR EDULFO GONZALEZ; DR TRENT H
EVANS; DR ADRIANA RESTREPO; FEDERAL MEDICAL CENTER
CARSWELL; UNITED STATES DEPARTMENT OF JUSTICE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-743

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Barbara M. Bush appeals the district court's dismissal of her complaint for
failure to comply with an order and for failure to state a claim upon which relief
can be granted.

The district court dismissed Bush's complaint for failure to resubmit her
complaint on a particular form required for prisoner civil rights complaints.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

The dismissal appears to be with prejudice, but it is doubtful that the record reflects the necessary clear record of delay or contumacious conduct. *See Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992).

The district court alternatively dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief could be granted. Bush made several requests in the district court for appointment of a guardian ad litem and for the return of personal items allegedly retained at the Federal Medical Center-Carswell. Bush has not addressed these claims on appeal. She has abandoned any challenge to the district court's disposition of these claims. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent Bush is seeking to raise claims of retaliation, physical assault and sexual harassment, and denial of access to the courts in her appellate brief, we decline to consider those claims because they were not raised below. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999).

Although her pleadings are somewhat unclear, Bush's primary argument appears to be that a district court lacks authority to order forced medication unless certain administrative and procedural requirements are satisfied and that those procedures were not followed in her case. *See* 28 C.F.R. § 549.43. The United States District Court for the District of Maryland ordered that Bush be forcibly medicated in connection with her pending criminal case; therefore, the proper forum for Bush's challenge is her pending appeal of that order to the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 1294(1).

APPEAL DISMISSED.