# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2011

Lyle W. Cayce
Clerk

No. 11-10305
Summary Calendar

TONY LAMAR VANN,

Plaintiff-Appellant

v.

BRITISH PETROLEUM OIL COMPANY; CARL HENRIC SVANBERG, CEO;
TONY HAYWARD, Group Chief Executive; RACHAEL MACLEAN, Houston
Office Vice President; BRIAN SULLIVAN, Manager; MONICA COLLAZO, Team
Associate; KATHLEEN MEADE, Manager,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1517

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tony Lamar Vann moves for leave to proceed in forma pauperis (IFP) on
appeal following the district court's denial of his IFP motion and certification
that his appeal was not taken in good faith.  He seeks to appeal the dismissal of
his suit alleging that the defendants violated his civil rights when they failed to
financially compensate him after he submitted to them, and they used, his plans

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10305

for a device designed to stop the Deepwater Horizon oil spill.  The district court dismissed the suit without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because Vann did not comply with the magistrate judge's order to answer a questionnaire seeking further information about his claims.

Vann's IFP motion challenging the certification decision "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). "To aid in the determination of whether an IFP complaint if frivolous or fails to state a claim, this Court has approved the use of an evidentiary hearing or questionnaires." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citing *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985)).  A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order.  Rule 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because the dismissal at issue was without prejudice and the applicable statute of limitations would not currently bar Vann's refiling of the suit, we review for an abuse of discretion.  *See McCullough*, 835 F.2d at 1127; *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1988); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Given that the "answers" that he provided (including one advising that pertinent information would not be supplied until discovery) were brief and generally unresponsive, and, further, given that the great majority of his response challenged the magistrate judge's authority to issue the questionnaire and threatened legal action against the district court, Vann fails to show that the district court abused its discretion.  *See McCullough*, 835 F.2d at 1127.

No. 11-10305

Vann's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous pursuant to 5th Cir. R. 42.2.