# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2012

No. 11-20428

Lyle W. Cayce
Clerk

ALBERT M. ROBINSON,

Plaintiff - Appellant

v.

HOME DEPOT USA INC; JEFFERY SEAN HASLEY; JOHN DOE 2, employee of Home Depot USA, Inc.; JOHN DOE 3, employee of Home Depot USA, Inc.; JOHN DOE 1, assistant manager of Home Depot USA, Inc. in Houston,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-cv-00145

Before HIGGINBOTHAM, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Albert Robinson, proceeding pro se, brought this lawsuit against Home Depot USA, Inc. ("Home Depot"), multiple unnamed Home Depot employees, and a Houston police officer (together, "Defendants") in the Southern District of Florida, asserting numerous causes of action stemming from events that allegedly occurred outside a Home Depot retail store in Houston,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20428

Texas. Following motions from the Defendants and on the recommendation of a magistrate judge, the case was transferred to the Southern District of Texas. After the case was transferred, Robinson failed to comply with multiple court orders, including orders to participate in pretrial conferences. The district court eventually dismissed his suit for lack of prosecution, and Robinson now appeals on a variety of grounds.

## FACTS AND PROCEEDINGS

Robinson's complaint alleges that on September 15, 2008, he was selling generators and other items from a trailer near a Home Depot retail store in Houston, Texas. After learning that someone at Home Depot had been complaining about him, Robinson packed up his trailer, drove into the Home Depot parking lot, and went inside the store to speak with the manager. Robinson then returned to his vehicle, and an assistant manager approached a police car and talked to the officer in the car. The police officer, Defendant-Appellee Hasley, approached Robinson and asked him about his sale of generators. Hasley indicated that he was going to issue a ticket to Robinson for peddling without a license. After a verbal exchange, Robinson alleges that Hasley yanked Robinson out of the car, handcuffed him, and "pulled [Robinson's] pants and underwear down to [his] ankles," resulting in Robinson being left partially naked in front of the Home Depot entrance. Hasley then searched Robinson's vehicle while Robinson remained unclothed from the waist down for over 15 minutes.

Based on the above allegations, Robinson filed suit in the Southern District of Florida, raising a number of constitutional and statutory claims. Defendants moved to dismiss the action on account of improper venue. The case was referred to a magistrate judge, who recommended that the action be transferred to the Southern District of Texas, where the events giving rise to the complaint allegedly occurred. Robinson timely objected to the magistrate judge's

No. 11-20428

report, but the court overruled the objections and transferred the action to the Southern District of Texas.

In the Southern District of Texas the case was again referred to a magistrate judge who, on March 25, 2011, issued a notice of a telephonic hearing to be held at 10:00 a.m. on March 29, 2011. Robinson did not call in to the hearing, but he did call the case manager later that day to inquire what had occurred during the hearing. The magistrate judge determined that Robinson had failed to appear "despite being advised of that opportunity by the court and opposing counsel." The magistrate judge then scheduled a Rule 16 pretrial conference for April 19, 2011, and ordered that Robinson and opposing counsel appear personally for the conference.

Robinson moved to be permitted to proceed via telephone. He alleged that he had not received the court's notice of the March 29 hearing and that he had not received notice from opposing counsel prior to the hearing. Referencing conspiracy theories involving the City of Houston and various city officials and agencies, Robinson additionally contended that his life would be in peril if he were forced to return to Houston. He claimed that he had uncovered fraudulent schemes perpetrated by the City of Houston against the public and asserted that if he returned to Houston, "the city [would] have him arrested or shot, most likely shot." He also asserted that he could not afford to travel to Houston.

When Robinson did not appear for the scheduled hearing on April 19, 2011, the magistrate judge ordered Robinson to appear personally before the court on April 29, 2011, and to show cause why the case should not be dismissed for want of prosecution and failure to obey a court order. Robinson was further ordered to come prepared to disclose information regarding persons likely to have discoverable information, and documents he may wish to use to support his claims, and a computation of his damages. Robinson was warned that "[f]ailure

3

No. 11-20428

to attend this hearing will result in a recommendation that this case be dismissed." Robinson failed to appear for the scheduled show cause hearing.

The magistrate judge issued a Memorandum and Recommendation ("Recommendation") in which she recommended that the action be dismissed on grounds that Robinson had demonstrated an unwillingness to comply with court orders and because Robinson, by reason of his stated refusal to come to Houston, had shown that he would be unable to prosecute his case in the future, as he could not conduct discovery or appear for trial.

Robinson filed a timely set of objections to the Recommendation. He argued that his failure to participate in the March 29, 2011, telephone conference was due to a lack of notice. He also repeated his assertions that he could not travel to Houston because of his limited finances and his fear of being illegally incarcerated or killed. The district court adopted the Recommendation and dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Robinson timely noticed his appeal.

## DISCUSSION

*1. Dismissal with Prejudice*

A district court may dismiss an action *sua sponte* for failure to prosecute. FED. R. CIV. P. 41(b); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). A dismissal with prejudice is reviewed for abuse of discretion. *Berry,* 975 F.2d at 1191. However, this court affirms such a dismissal

> only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

*Id.* (footnote omitted); *see also McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988). We review factual findings made in support of a Rule 41(b) dismissal under a clearly-erroneous standard. *See Matter of Placid Oil Co.*, 932 F.2d 394,

No. 11-20428

397 (5th Cir. 1991); *Hornbuckle v. Arco Oil and Gas Co.*, 770 F.2d 1321, 1322 (5th Cir. 1985).

Although our review is for abuse of discretion, the dismissal of a complaint with prejudice is considered an extreme sanction. *McNeal*, 842 F.2d at 790; *see also Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) ("The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases." (internal quotation marks and citation omitted)). In "most cases" where dismissals with prejudice are affirmed, this court finds "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry,* 975 F.2d at 1191 (alteration in original) (internal quotation marks omitted).

The district court concluded that Robinson's "excuse for failing to call in for the March 29, 2011, telephone conference is patently false." That Robinson received advance notice of the hearing is supported by numerous indications in the record that he was in almost constant contact with the case manager and placed repeated calls to the magistrate judge's chambers, including on the very day of the telephone conference. The district court further determined that Robinson's excuses for failing to appear in person at court-ordered hearings on April 19, 2011, and April 29, 2011, were baseless. Although Robinson continues to dispute these determinations, the district court's findings are not clearly erroneous.

Robinson argues that he could not travel to Houston for the court-ordered hearings primarily because he would have been in serious danger there due to the alleged conspiracy among powerful Houstonians to murder or wrongfully imprison him. Robinson also contends that he could not afford to travel to Houston, but while he clearly has limited means, the record does not

5

demonstrate that Robinson was wholly unable, due to his financial situation, to travel to Houston. Rather, Robinson's filings in the district court indicate that he did not consider it sufficiently worthwhile to travel to Houston for a hearing that he believed should be conducted by phone. For example, in an objection to the magistrate judge's show-cause order requiring him to appear in person, Robinson stated that he could not "afford to make a trip to Houston, Texas for a hearing that can be, and usually is, conducted telephonically." The district court was therefore justified in concluding that Robinson willfully disregarded court orders.

Accepting the district court's factual findings, the court did not abuse its discretion in dismissing Robinson's case with prejudice. Even assuming that he was not at fault for missing the March 29 telephonic hearing, Robinson intentionally failed to attend court-ordered hearings, gave either disingenuous or irrational excuses for his absences, exhibited a disregard for the authority of the court, and displayed a clear intention never to appear in Houston, despite what the court might order. As the magistrate judge concluded in the Recommendation:

> [Robinson's] refusal to come to [Houston] means that he will be unable to take the deposition of any Defendant or of any other witness to the alleged events, because he will need to travel to Houston to conduct such discovery. Further, [Robinson] would be unable to attend trial in Houston should the case proceed to that stage. Thus, [Robinson] has not only shown that he is unwilling to comply with court orders, but, by his standing refusal to come to Houston, he has also shown that he will be unable to prosecute his case in the future.

The district court was justified in concluding that two of the "aggravating factors" were met: Robinson himself caused delay, and he did so by intentional conduct. Finally, the district court explicitly found that "any lesser sanction than

No. 11-20428

dismissal would be wholly ineffectual." The district court did not abuse its discretion.

*2. Other Issues on Appeal*

Robinson raises a number of additional issues, but all lack merit.

a. First, Robinson alleges that while the case was still in the Southern District of Florida, Hasley submitted purportedly pro se motions that were actually drafted by Halsey's attorney. At the relevant time, Halsey's attorney was awaiting a ruling on a motion to appear *pro hac vice*, which was subsequently granted. Robinson argues that these "ghostwritten" filings should be stricken, which would result in the entry of a default judgment against Hasley. Even assuming that the filings were in fact "ghostwritten," Robinson is not entitled to the claimed relief. He cites no authority indicating that a ghostwritten pleading must be stricken, and he has not demonstrated that Hasley gained an unfair advantage from the alleged ghostwriting. Moreover, Robinson failed to object to the magistrate judge's memorandum recommending that the default judgment be set aside, meaning that he failed to preserve his objections for appeal.

b. Robinson also argues that the district court abused its discretion by transferring the case to the Southern District of Texas. Robinson bases his argument on the contention that various influential persons in Houston are involved in a conspiracy against him and will prevent him from receiving a fair trial in Houston. Robinson's allegations are implausible, and they fail to address the fact that under the venue statute, 28 U.S.C § 1391, venue was clearly improper in the Southern District of Florida, where none of the Defendants reside and none of the events giving rise to the action took place. The district court did not abuse its discretion in transferring the case.

c. Robinson further challenges the magistrate judge's refusal to impose sanctions on Home Depot for misstatements made in motion filed below. The

denial of a motion for sanctions under Rule 11 is reviewed for an abuse of discretion. *Friends for Am. Free Enterprise Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 577–78 (5th Cir. 2002). Robinson cannot prevail on this issue. A motion for Rule 11 sanctions must be served on the opposing party at least 21 days before the motion is filed in the district court. FED. R. CIV. P. 11(c)(2). "The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." *Eliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (vacating a sanctions order where this procedural prerequisite was not met). It is clear from the record that Robinson did not comply with Rule 11(c)(2). He moved for sanctions less than 21 days after the conduct he claimed to be sanctionable. The magistrate judge did not therefore abuse her discretion in denying the sanctions motion.

d. Robinson argues that the district court abused its discretion by ordering him to appear, in person, for a hearing in Houston. A district court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences." FED. R. CIV. P. 16(a). No provision of the Rules prohibits the district court from requiring that the attorneys or unrepresented parties appear in person for a pretrial conference, and as a general matter district courts have broad discretion in managing the cases before them. Robinson cannot demonstrate that the district court abused its discretion by ordering him to appear.

e. Robinson finally contends that the district court abused its discretion by failing to grant his request for a preliminary injunction against Hasley. The district court never explicitly addressed Robinson's motion for a preliminary injunction, but it implicitly denied the motion by dismissing Robinson's case. The district court's decision to deny a preliminary injunction is reviewed for abuse of discretion. *Anderson v. Jackson*, 556 F.3d 351, 355 (5th Cir. 2009). "Only under extraordinary circumstances will [this court] reverse the denial of a

preliminary injunction." *Id.* at 355–56 (internal quotation marks and citation omitted). To secure a preliminary injunction, a party must establish, among other things, that he faces a substantial threat of irreparable injury if the injunction is not issued. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). The harm that Robinson fears from Hasley amounts to nothing more than mere speculation based on Robinson's broad and unsubstantiated allegations that Houston police officers and other city officials have a vendetta against him. The supposed harm is thus insufficient to support the grant of a preliminary injunction. *See id.* at 601.

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.