# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20374
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2015

Lyle W. Cayce
Clerk

DAVID EARL KEITH,

Plaintiff-Appellant

v.

WARDEN E. GUTIERREZ; OFFICER C. CARR; P. ASSISTANT MENDEZ,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1928

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Earl Keith, Texas prisoner # 1841789, appeals the dismissal of his 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with a court order. Keith argues that the district court erred in dismissing his case.

A district court may sua sponte dismiss an action for failure to prosecute or obey a court order. FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20374

1126, 1127 (5th Cir. 1988).  Because the court's order was silent as to whether the instant dismissal was with prejudice, we deem the dismissal to be with prejudice.  *Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996). Though we review the decision for abuse of discretion, the scope of the district court's discretion is narrow when the dismissal is with prejudice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  We will affirm a dismissal with prejudice under Rule 41(b) only where there is a clear record of delay or contumacious conduct by the plaintiff and where the district court has determined that lesser sanctions were or would be futile.  *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

The district court's dismissal of Keith's complaint was based on Keith's failure to comply with the district court's April 30, 2014 order.  Noncompliance with a single court order, however, does not amount to a clear record of delay, i.e., significant periods of inactivity, or contumacious conduct, "stubborn resistance to authority."  *Berry*, 975 F.2d at 1191-92 n.5; *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988); *Holden v. Simpson Paper Co.*, 48 F. App'x 917, *2 (5th Cir. 2002).  A district court generally may not dismiss with prejudice if the plaintiff "fail[s] only to comply with a few court orders."  *Berry*, 975 F.2d at 1192 & n.6.  Moreover, there is no discussion in the record of other, lesser sanctions considered by the court.  Accordingly, under the circumstances described, the dismissal of Keith's complaint was an abuse of discretion.

Keith additionally asserts on appeal that the district court erred when it denied his motion for appointment of counsel.  To the extent Keith moved the district court to appoint counsel, he has not shown that the district court abused its discretion when it failed to appoint counsel.  *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

No. 14-20374

The judgment is VACATED, and the case is REMANDED for further proceedings.