# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

No. 25-10930
Summary Calendar

———————————

Ericka Hall,

*Plaintiff—Appellant*,

*versus*

TJX Companies, Incorporated, *doing business as* TJ Maxx, *doing business as* Marshalls, *doing business as* Marmaxx Operating Corporation; Zurich American Insurance Company,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1862

———————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:[*]

Plaintiff–Appellant Ericka Hall, proceeding *pro se*, sued TJX Companies, Inc. ("TJX") and Zurich American Insurance Co. ("Zurich") for injuries she alleges she suffered from a fall at a TJ Maxx store. The case was referred to a magistrate judge who ultimately recommended dismissing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10930

Hall's claims without prejudice. The district court adopted the magistrate judge's recommendations, but then, in the final judgment, dismissed Hall's claims with prejudice. We VACATE and remand for further proceedings consistent with this opinion.

I.

Hall sued both TJX, an entity related to TJ Maxx, and TJ Maxx's insurer, Zurich American Insurance Co., to recover for her injuries. First, the magistrate judge recommended dismissal of Hall's claims against TJX without prejudice because Hall failed to file proof of service for that defendant, despite several prior extensions and warnings. The magistrate judge explicitly opted for dismissal without prejudice—as opposed to dismissal with prejudice—because it found "no reason to believe that Hall's failure to prosecute or comply with court orders [was] the result of some improper motive." The district court adopted the findings and recommendation in full. Hall moved for relief from judgment, arguing that dismissal was improper. The magistrate judge recommended that the motion be denied, and the district court again adopted the findings and recommendation in full.

Separately, the magistrate judge recommended dismissal of Hall's claims against Zurich, also without prejudice. Unlike TJX, which never responded in the case, Zurich moved to dismiss under Rules 12(b)(1) and 12(b)(6). The magistrate judge recommended granting the motion on Rule 12(b)(1) grounds because Hall lacked standing to sue Zurich under Texas's "no direct action" rule. Again, the magistrate judge explained that dismissal should be without prejudice because "a dismissal for lack of subject-matter jurisdiction is not a decision on the merits." Alternatively, the magistrate judge recommended that the district court dismiss Hall's claims against Zurich under Rule 12(b)(6) because they were "legally foreclosed under the

2

'no direction action' rule." The district court again adopted the magistrate judge's findings and recommendations in full.

The district court's orders provided no additional explanation or analysis to supplement the magistrate judge's recommendations. The district court did not state whether dismissal would be with or without prejudice, but because it adopted the magistrate judge's findings and recommendations as its own, dismissal would have been without prejudice. The district court's final judgment, however, dismissed Hall's case *with* prejudice.

## II.

We "review a dismissal with prejudice for failure to prosecute for abuse of discretion." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). However, we recognize that "dismissal with prejudice is an extreme sanction" and thus have "limited the district court's discretion" on this front. *Id.* (cleaned up); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021).

We review "a district court's grant of a motion to dismiss *de novo*," whether for lack of standing under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6). *Jack v. Evonik Corp.*, 79 F.4th 547, 561 (5th Cir. 2023); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.

To dismiss a case with prejudice for failure to prosecute, there must be (1) "a clear record of delay or contumacious conduct by the plaintiff" and (2) a finding by the district court that "lesser sanctions would not prompt diligent prosecution" or that lesser sanctions have proven futile. *Berry*, 975 F.2d at 1191 (footnote omitted). The magistrate judge recognized that Hall was only negligent; she did not intentionally delay the case or engage in

contumacious conduct. By adopting the magistrate judge's recommendation, the district court found the same, and our review of the record accords with that view. Thus, the district court erred in entering judgment dismissing the case with prejudice without a finding of delay or contumacious conduct.

The district court also erred by dismissing Hall's claims against Zurich with prejudice. As the magistrate judge explained, dismissals for lack of subject-matter jurisdiction are without prejudice because they are not judgments on the merits. *See, e.g.*, *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018). And even accepting the alternative Rule 12(b)(6) holding for Zurich, dismissal is generally without prejudice where a plaintiff has not yet had a chance to amend her complaint. *See, e.g.*, *Jack*, 79 F.4th at 565 ("Normally, a plaintiff should be afforded at least one chance to remedy all identified flaws in his pleadings. That did not occur, so the dismissal with prejudice was error."). Hall's only opportunity to amend her complaint so far was to add Zurich as a party to the case, without the court addressing the merits of her pleadings.

The district court did not engage with any of these rules when dismissing Hall's case with prejudice, after adopting the magistrate judge's findings and recommendations to dismiss the case without prejudice.

## IV.

Accordingly, we VACATE the district court's judgment and REMAND for further proceedings consistent with this opinion.