IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-20093
Conference Calendar

ALFRED LEE BRANUM

Plaintiff-Appellant

v.

GARY L JOHNSON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; CHIS CARTEA; ROBERT KOENIG; FRANK
ROSENQUEST; WARDEN EDUARDO CORMONA; ASSIST WARDEN
MICHAEL HALL

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3515

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Alfred Lee Branum, Texas prisoner # 286354, and a co-plaintiff brought
the present civil action as a putative class action pursuant to 42 U.S.C. § 1983
and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed the case as frivolous. Branum seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's denial of his motion for extension of time to file a notice of appeal and motions to reopen the time to file an appeal. By moving for leave to proceed IFP, Branum is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Branum argues that correspondence that he sent to this court should have been construed as a timely motion to reopen the time to file an appeal. He additionally asserts that his motions should have been granted because he is a layman untrained in law and because he has difficulty moving around the prison law library because he is wheelchair bound.

As Branum did not file anything that could be reasonably construed as a motion for extension of time to file a notice of appeal within 30 days of the expiration of the time to file a timely notice of appeal, the district court's denial of his motion for extension of time to file a notice of appeal does not present a nonfrivolous issue for appeal. See FED. R. APP. P. 4(a)(5)(A)(i). As Branum did not file anything, including his correspondence to this court, that could be reasonably construed as a motion to reopen the time to file an appeal within 180 days of the entry of judgment, the district court's denial of his motions to reopen the time to file an appeal does not present a nonfrivolous issue for appeal. See FED. R. APP. P. 4(a)(6)(B).

Branum's argument that his motions should have been granted because he is an untrained layman who has difficulty moving around the prison library invokes the doctrine of equitable tolling. Assuming arguendo that equitable tolling is applicable, Branum has not shown the existence of a nonfrivolous issue for appeal because he has not shown the existence of the rare and exceptional circumstances necessary to justify equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). To the extent that Branum's argument challenges

the denial of his motion for appointment of counsel, it also does not present a nonfrivolous issue for appeal because Branum has not shown the exceptional circumstances necessary to require the appointment of counsel.  See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

The IFP motion is denied, and the appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.  Branum is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous both count as strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.