# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-20312
Summary Calendar

ALFRED LEE BRANUM

Plaintiff-Appellant

v.

GARY JOHNSON; MARK LAUGHLIN, Warden; CAREY STAPLES, Assistant
Warden; JANET CANTU; SHIRLEY CLAYBORN; DAVID RICE; SARAH
VACANTE; BOBBY GAFFARD; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE; LINDA KIMICH; KIOLA NIAK

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-229

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alfred Lee Branum, Texas prisoner # 286354, appeals
the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant
to 28 U.S.C. § 1915A. Branum contends that the district court abused its
discretion by striking his original and first amended complaints for improper
joinder. He maintains that the district court erred by dismissing his claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

challenging a disciplinary proceeding against him, asserting that the district court abused its discretion in dismissing his claims against Kiola Niak and Linda Kimich for improper joinder of defendants under FED. R. CIV. P. 20.

Branum's original and first amended complaints were long and rambling, linking numerous claims and defendants that were, at best, tenuously related. In total, the complaints, memoranda and attachments amounted to 411 pages. The district court did not abuse its discretion in striking the original and first amended complaints and ordering Branum to file a second amended complaint that followed proper rules of joinder. See Arrington v. City of Fairfield, Ala., 414 F.2d 687, 693 (5th Cir. 1969).

Branum did not allege that the disciplinary-infraction conviction he challenged had been overruled or reversed. He did allege that he lost previously earned good-time credits as a result of the disciplinary infraction conviction. Despite his protestation to the contrary, his second amended complaint clearly sought monetary damages for the disciplinary-infraction conviction. The district court did not err in dismissing the claims challenging the disciplinary proceeding. See Clarke v. Stalder, 154 F.3d 186, 189-90 (5th Cir. 1998) (en banc).

Branum's claims against Niak and Kimich involved an assault against Branum by another inmate and various actions Kimich took towards Branum after the assault. Although the disciplinary proceeding Branum challenged stemmed from the fight in which Branum alleges that he was assaulted, his claims regarding the disciplinary proceeding were not related to the same incident and did not involve common questions of fact or law as in his claims against Niak and Kimich. The district court did not abuse its discretion in dismissing Branum's claims against Niak and Kimich for improper joinder. See FED. R. CIV. P. 20; Arrington, 414 F.2d at 693.

Branum's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). As such, his appeal is dismissed. See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998) (holding prisoner cannot avoid strike by improperly joining claims to complaint). Branum has previously accumulated two strikes. See Branum v. Johnson, No. 07-20093, 2007 WL 4372074 at *1 (5th Cir. Dec. 11, 2007) (unpublished). As Branum has now accumulated more than three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.