# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-20660
Conference Calendar

ALFRED LEE BRANUM

Plaintiff-Appellant

v.

EUGENE JOSEPH FONTENOT, JR

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2077

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfred Lee Branum, Texas prisoner # 286354, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal as malicious of his civil action. By moving for leave to proceed IFP, Branum is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Branum does not challenge the district court's certification that his appeal is not taken in good faith. Instead he argues that the Constitution requires that he be granted leave to proceed IFP on appeal because he does not have the money to pay the appellate filing fee.

There is no constitutional right to proceed in a civil action without paying the proper filing fee; the ability to proceed IFP is a privilege that may be extended or withdrawn. Norton v. Dimazana, 122 F.3d 286, 290 (5th Cir. 1997). Accordingly, Branum's assertion that the good faith certification requirement violates his constitutional rights is without merit. See id. at 290-91. As Branum does not challenge the district court's certification that his appeal is not taken in good faith, he has waived any such challenge. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Branum argues that the district court improperly required that he pay the $455 appellate filing fee in installments while simultaneously denying him leave to proceed IFP on appeal. However, "the plain language of [§ 1915(b)(1)] requires that appellate fees be assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed." Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997). Accordingly, the district court did not err by ordering that the appellate filing fee be taken from Branum's prison trust account in installments pursuant to § 1915(b). See id.; Baugh, 117 F.3d at 202 & n.22.

Branum's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.

Both this court's dismissal of the instant appeal and the district court's dismissal of Branum's complaint count as strikes for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). During the pendency of this appeal, this court imposed the § 1915(g) bar against Branum. See Branum v. Johnson, 265 F. App'x 349, 350 (5th Cir. 2008). Branum is

admonished that he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR REMAINS IN EFFECT.