# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2010

No. 10-20135
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT ALEXANDER TUFT,

Plaintiff-Appellant

v.

THE STATE OF TEXAS; VERNON PITTMAN, Warden-Jester 3; JEROLD BRAGGS, Assistant Warden, Jester 3; GUY SMITH, Assistant Regional Director-Texas Department of Criminal Justice; DOUG WALDRON, Assistant Regional Director-Texas Department of Criminal Justice; J. P. GUYTON, Assistant Regional Director-Texas Department of Criminal Justice; SUSAN DOSTAL, University of Texas Medical Branch Medical Program Administrator; NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice-Correctional Institutions Division; MELANIE POTTER, MLP P.A., University of Texas Medical Branch; JALYN WILSON, P.T. University of Texas Medical Branch; PATSY GUERRA, (Velasquez), Texas Department of Criminal Justice Access to Courts; VICKY BARROWS, Texas Department of Criminal Justice Access to Courts; ARLINE WALKER, Texas Department of Criminal Justice Access to Courts; RACHEL CROSBY, C.O.V. Texas Department of Criminal Justice; CHERYL LAWSON, Texas Department of Criminal Justice Grievance Analyst; MARK A. ANDREWS, Texas Department of Criminal Justice Chaplain; JOHN AND JANE DOE(S), Texas Department of Criminal Justice/University of Texas Medical Branch, Texas Department of Criminal Justice-Correctional Institutions Division Staff,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-846

Before HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Tuft, Texas prisoner # 1062966, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action for failure to prosecute under Federal Rule of Civil Procedure 41(b). Tuft's amended complaint against over a dozen defendants raised nine claims relating to the conditions of his confinement, the failure to evacuate for a hurricane, the denial of access to the courts, the infringement of his religious freedom, and retaliation by prison officials. The district court ordered Tuft to file a second amended complaint that contained only claims related to a single set of facts in accordance with Federal Rules of Civil Procedure 18 and 20. When he failed to do so, district court dismissed Tuft's lawsuit without prejudice under Rule 41(b).

We review such a dismissal "for abuse of discretion." *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). However, because at least some of Tuft's claims would not be time barred, the scope of the discretion is narrowed. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992).

Under Rule 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). In addition, "the creative joinder of actions" by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, §§ 804-05, 110 Stat. 1321, 1321-73 to -75 (2006) (codified in relevant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

part at 28 U.S.C. §§ 1915, 1915A), should be discouraged. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

In this case, the district court properly found that Tuft's amended complaint transgressed the limitations in Rule 20(a). However, where an action is time barred following a dismissal without prejudice, the standard of review is the same as if the action had been dismissed with prejudice. *Berry*, 975 F.2d at 1191. In this case, there is not a "clear record of delay or contumacious conduct," and the district court has not "expressly determined that lesser sanctions would not prompt diligent prosecution." *Id.* In addition, the record does not show "that the district court employed lesser sanctions that proved to be futile." *Id.*

In fact, under Federal Rule of Civil Procedure 21, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, a district court, "on motion or on its own, . . . may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." FED. R. CIV. P. 21. In other words, a court faced with misjoinder "'has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.'" *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (quoting *DirectTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (internal quotation marks and citation omitted))). Because the record does not show that Tuft delayed the proceedings in this case, acted contumaciously, or deliberately disobeyed court orders, the district court abused its discretion "when it dismissed this entire action, rather than simply dismissing" misjoined claims, dropping parties, or both. *Id.* at 522; *see also Berry*, 975 F.2d at 1191-92.

Accordingly, we affirm the district court's finding of misjoinder, reverse the dismissal of Tuft's entire lawsuit, and remand the case for further proceedings consistent with this opinion. We disclaim any limitation on the district court's authority on remand to dismiss any of Tuft's claims on any other basis, such as

any PLRA provisions that may be applicable. *See, e.g.*, 28 U.S.C. § 1915; § 1915A; 42 U.S.C. § 1997e(e).

AFFIRMED in part; REVERSED in part; REMANDED.