# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2023

Lyle W. Cayce
Clerk

No. 22-20037
Summary Calendar

John Anthony Buchanan,

*Plaintiff—Appellant*,

*versus*

A. Barnes, III, Detention Officer; Detention Officer Villanueva; Detention Officer Arsno; Detention Officer Zwerspenski; Detention Officer Gurrero, et al

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No.4:20-CV-241

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:\*

John Anthony Buchanan, a pretrial detainee in the Harris County Jail, appeals the dismissal of his 42 U.S.C. § 1983 complaint. He asserted a

---

\* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20037

multitude of constitutional violations as well as several violations of state law. For the reasons set forth below, we AFFIRM.

Buchanan filed a 52-page complaint naming 28 defendants. The district court found that the complaint, although detailed, did not clearly identify how each defendant was involved in the claims and ordered Buchanan to provide a more definite statement. Buchanan responded by listing each defendant and citing page numbers to his earlier complaint. The court found his response did not comply with the Federal Rules of Civil Procedure or its order. The court then struck both his complaint and response. Nevertheless, it granted Buchanan another opportunity to file a complaint. It instructed Buchanan to use an approved complaint form for § 1983 actions and warned that failure to comply with its order would result in dismissal under Federal Rule of Civil Procedure 41(b).

Eventually, Buchanan filed his amended complaint and a response to the court's order for a more definite statement. He also filed a motion for reconsideration of the court's order striking his earlier response. Furthermore, he sent a letter to the district court, calling the judge a racist and liar and refusing to use the § 1983 form as instructed.

In response, the district court issued an order reiterating its earlier instructions and warning Buchanan that failure to comply would warrant sanctions. Despite Buchanan's noncompliance with its orders, the court provided one last opportunity for him to submit an amended complaint as directed. It again warned him that noncompliance would result in dismissal pursuant to Rule 41(b). When Buchanan submitted no response, the district court dismissed his suit.

I.

Buchanan appeals. He argues that the district court abused its discretion: by dismissing his action pursuant to Rule 41(b); by requiring a

No. 22-20037

more definite statement without identifying the problems in his original complaint as provided by Federal Rule of Civil Procedure 12(e); and finally, by dismissing his action in its entirety rather than simply dropping any misjoined defendants or claims.[1] We address his arguments as necessary to resolve this appeal.

A.

Rule 41(b) allows a district court to dismiss an action on its own motion if the plaintiff fails to comply with a court order. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam); FED. R. CIV. P. 41(b). This court generally reviews such decisions for abuse of discretion. *Coleman*, 745 F.3d at 766. Nevertheless, a heightened standard of review applies even if the dismissal is without prejudice when future litigation likely would be barred by the statute of limitations. *Id.* In such cases, this court will affirm where (1) the record is clear that the plaintiff has either delayed the proceedings or engaged in "contumacious conduct" and (2) "the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Further, this court generally affirms only when one of the following aggravating factors is present: where the plaintiff, not the plaintiff's counsel, caused the delay; where intentional conduct caused the delay; or where the defendant suffered actual prejudice. *Id.*

---

[1] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

No. 22-20037

B.

The district court did not specify whether its dismissal was with or without prejudice. Nevertheless, the heightened standard of review applies because Buchanan's claims, which arose in 2019, likely would be barred by the applicable two-year limitations period. *See Coleman*, 745 F.3d at 766; *see also Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that the general personal injury statute of limitations for the forum state applies to § 1983 actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (setting a two-year limitations period in Texas personal injury suits).

So to determine whether the court's dismissal was an abuse of discretion, we look first to whether Buchanan engaged in contumacious conduct. Here, contumacious conduct "is the stubborn resistance to authority which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (internal quotation marks and citation omitted). The district court issued three orders requiring further pleading concerning Buchanan's claims. And yet, Buchanan expressly declined to submit a complaint complying with the district court's orders. Instead, he sent a letter disparaging the district court and its orders. His defiant refusal to comply with the district court's orders satisfies the first perquisite for dismissal under Rule 41(b)—that is, his conduct was contumacious. *Id.*

Next, we review whether the district court considered alternative sanctions and determined that they would be futile. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam); *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984). Here, the district court on multiple occasions explicitly warned Buchanan that his failure to provide an amended complaint would result in dismissal. The district court's warnings can constitute lesser sanctions. *See Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (noting that lesser sanctions include

4

explicit warnings). The record thus shows that the district court applied lesser sanctions, which proved futile.

To conclude our abuse of discretion analysis, we consider the presence of factors that "aggravated" the judicial process. *See Berry*, 975 F.2d at 1191. Here, the relevant aggravating factor is the senseless delay caused by the plaintiff himself. *Id.* Buchanan caused willful delays in the judicial process by contemptuously declining to follow the court's reasonable instructions. In short, Buchanan's conduct satisfied the "aggravating factor" referred to in our cases. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

## II.

Buchanan's additional arguments also lack merit. First, he argues that the district court violated Federal Rule of Civil Procedure 12(e) by not identifying the defects of his complaint with sufficient particularity. Under Rule 12(e), a party may file a motion for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Thus, Rule 12(e) is not specifically applicable, as no party moved for a more definite statement from Buchanan. Instead, the district court noted the confusion of the complaint in associating the various claims with the respective parties and sua sponte ordered a more definite statement.

Buchanan further argues that the district court should have severed any misjoined claims and parties instead of striking his complaint in its entirety. It is true that improper joinder of parties is not usually a basis for complete dismissal of a case. *See Tuft v. Texas*, 397 F. App'x 59, 61–62 (5th Cir. 2010) (per curiam); FED. R. CIV. P. 21. But that is not exactly what happened here. Here, the district court noted the confusing allegations concerning the various claims and parties and remedied the defective

No. 22-20037

complaint by dismissing it and ordering Buchanan to file an amended complaint that clearly identified how each party was involved with each claim. This remedy was not an abuse of discretion because the district court allowed Buchanan to refile a proper complaint. *Branum v. Johnson*, 265 F. App'x 349, 350 (5th Cir. 2008) (per curiam).

Finally, Buchanan argues that the Rule 41(b) dismissal for failure to prosecute and comply with court orders was improper. He alleges that his extensive handwritten complaint was sufficient and that the district court had no basis to require him to use the court-provided form. We find no error in this requirement by the district court. Based on Buchanan's status as a pretrial detainee, he is a "prisoner" under 28 U.S.C. § 1915(h). His complaint, although extensive, was largely an incomprehensible pleading. Thus, it was within the discretion of the district court to order him to simplify and clarify his claims by using the proper form for prisoner civil rights complaints. *See also Watson v. Ault*, 525 F.2d 886, 890, 893-94 (5th Cir. 1976) (addressing the difficult task that district courts face in reviewing pro se litigation and attaching a model form for prisoner civil right complaints).

III.

We sum up: we hold that dismissal of the complaint was not legal error. The district court acted within its discretion in concluding that Buchanan's repeated and contumacious refusals to follow its reasonable instructions warranted dismissal. The judgment of the district court is therefore

AFFIRMED.