John W. BRADSHAW, Plaintiff,

v.

UNITY MARINE CORPORATION, INC.; Coronado, in rem; and Phillips Petroleum Company, Defendants.

No. CIV. A. G–00–558.

United States District Court,
S.D. Texas,
Galveston Division.

June 27, 2001.

Harold Joseph Eisenman, Attorney at Law, Houston, TX, for plaintiff.

Ronald L White, White Mackillop et al, Houston, TX, for Coronado, and Unity Marine Corporation, Inc.

Charles Wayne Lyman, Giessel Barker & Lyman, Houston, TX, for Phillips Petroleum Company.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff brings this action for personal injuries sustained while working aboard the M/V CORONADO. Now before the Court is Defendant Phillips Petroleum Company's ("Phillips") Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I. DISCUSSION

Plaintiff John W. Bradshaw claims that he was working as a Jones Act seaman aboard the M/V CORONADO on January 4, 1999. The CORONADO was not at sea on January 4, 1999, but instead sat docked at a Phillips' facility in Freeport, Texas. Plaintiff alleges that he "sustained injuries to his body in the course and scope of his employment." The injuries are said to have "occurred as a proximate result of the unsafe and unseaworthy condition of the tugboat CORONADO and its appurtenances while docked at the Phillips/Freeport Dock." Plaintiff's First Amended Complaint, which added Phillips as a Defendant, provides no further information about the manner in which he suffered injury. However, by way of his Response to Defendant's Motion for Summary Judgment, Plaintiff now avers that "he was forced to climb on a piling or dolphin to leave the vessel at the time he was injured." This, in combination with Plaintiff's Complaint, represents the totality of the information available to the Court respecting the potential liability of Defendant Phillips.[1]

Defendant now contends, in its Motion for Summary Judgment, that the Texas two-year statute of limitations for personal injury claims bars this action. *See* Tex. Civ. Prac. & Rem.Code § 16.003 (Vernon Supp.2001). Plaintiff suffered injury on January 4, 1999 and filed suit in this Court on September 15, 2000. However, Plaintiff did not amend his Complaint to add Defendant Phillips until March 28, 2001, indisputably more than two-years after the date of his alleged injury. Plaintiff now responds that he timely sued Phillips, contending that the three-year federal statute

---

1. Six days after filing his one-page Response, Plaintiff filed a Supplemental Opposition to Phillips Petroleum Company's Motion for Summary Judgment. Although considerably lengthier, the Supplement provides no further illumination of the factual basis for Plaintiff's claims versus Phillips.

for maritime personal injuries applies to his action. *See* 46 U.S.C. § 763a.

Before proceeding further, the Court notes that this case involves two extremely likable lawyers, who have together delivered some of the most amateurish pleadings ever to cross the hallowed causeway into Galveston, an effort which leads the Court to surmise but one plausible explanation. Both attorneys have obviously entered into a secret pact—complete with hats, handshakes and cryptic words—to draft their pleadings entirely in crayon on the back sides of gravy-stained paper place mats, in the hope that the Court would be so charmed by their child-like efforts that their utter dearth of legal authorities in their briefing would go unnoticed. Whatever actually occurred, the Court is now faced with the daunting task of deciphering their submissions. With Big Chief tablet readied, thick black pencil in hand, and a devil-may-care laugh in the face of death, life on the razor's edge sense of exhilaration, the Court begins.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, when a defendant moves for summary judgment based upon an affirmative defense to the plaintiff's claim, the plaintiff must bear the burden of producing some

evidence to create a fact issue some element of defendant's asserted affirmative defense. *See Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1371 (5th Cir.1994); *F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir.1993).

Defendant begins the descent into Alice's Wonderland by submitting a Motion that relies upon only one legal authority. The Motion cites a Fifth Circuit case which stands for the whopping proposition that a federal court sitting in Texas applies the Texas statutes of limitations to certain state and federal law claims. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n. 1 (5th Cir.1998). That is all well and good— the Court is quite fond of the *Erie* doctrine; indeed there is talk of little else around both the Canal and this Court's water cooler. Defendant, however, does not even cite to *Erie*, but to a mere successor case, and further fails to even begin to analyze why the Court should approach the shores of *Erie*. Finally, Defendant does not even provide a cite to its desired Texas limitation statute.[2] A more bumbling approach is difficult to conceive—but wait folks, There's More!

Plaintiff responds to this deft, yet minimalist analytical wizardry with an equally gossamer wisp of an argument, although Plaintiff does at least cite the federal limitations provision applicable to maritime tort claims. *See* 46 U.S.C. § 763a. Naturally, Plaintiff also neglects to provide any analysis whatsoever of why his claim versus Defendant Phillips is a maritime action. Instead, Plaintiff "cites" to a single case from the Fourth Circuit. Plaintiff's citation, however, points to a nonexistent Volume "1886" of the Federal Reporter

---

**2.** Defendant submitted a Reply brief, on June 11, 2001, after the Court had already drafted, but not finalized, this Order. In a regretful effort to be thorough, the Court reviewed this submission. It too fails to cite to either the Texas statute of limitations or any Fifth Circuit cases discussing maritime law liability for Plaintiff's claims versus Phillips.

Third Edition and neglects to provide a pinpoint citation for what, after being located, turned out to be a forty-page decision. Ultimately, to the Court's dismay after reviewing the opinion, it stands simply for the bombshell proposition that torts committed on navigable waters (in this case an alleged defamation committed by the controversial G. Gordon Liddy aboard a cruise ship at sea) require the application of general maritime rather than state tort law. *See Wells v. Liddy,* 186 F.3d 505, 524 (4th Cir.1999) (What the ...)?! The Court cannot even begin to comprehend why this case was selected for reference. It is almost as if Plaintiff's counsel chose the opinion by throwing long range darts at the Federal Reporter (remarkably enough hitting a nonexistent volume!). And though the Court often gives great heed to dictá from courts· as far flung as those of Manitoba, it finds this case unpersuasive. There is nothing in Plaintiff's cited case about ingress or egress between a vessel and a dock, although counsel must have been thinking that Mr. Liddy *must* have had *both* ingress and egress from the cruise ship at some docking facility, before uttering his fateful words.

Further, as noted above, Plaintiff has submitted a Supplemental Opposition to Defendant's Motion. This Supplement is longer than Plaintiff's purported Response, cites more cases, several constituting binding authority from either the Fifth Circuit or the Supreme Court, and actually includes attachments which purport to be evidence. However, this is all that can be said positively for Plaintiff's Supplement, which does *nothing* to explain why, on the facts of *this* case, Plaintiff has an admiralty claim against Phillips (which probably makes some sense because Plaintiff doesn't). Plaintiff seems to rely on the fact that he has pled Rule 9(h) and stated an admiralty claim versus the vessel and his employer to demonstrate that maritime law applies to Phillips. This bootstrapping argument does not work; Plaintiff must properly invoke admiralty law versus each Defendant discretely. *See Debellefeuille v. Vastar Offshore, Inc.,* 139 F.Supp.2d 821, 824 (S.D.Tex.2001) (discussing this issue and citing authorities). Despite the continued shortcomings of Plaintiff's supplemental submission, the Court commends Plaintiff for his vastly improved choice of crayon—Brick Red is much easier on the eyes than Goldenrod, and stands out much better amidst the mustard splotched about Plaintiff's briefing. But at the end of the day, even if you put a calico dress on it and call it Florence, a pig is still a pig.

Now, alas, the Court must return to grownup land. As vaguely alluded to by the parties, the issue in this case turns upon which law—state or maritime—applies to each of Plaintiff's potential claims versus Defendant Phillips. And despite Plaintiff's and Defendant's joint, heroic efforts to obscure it, the answer to this question is readily ascertained. The Fifth Circuit has held that "absent a maritime status between the parties, a dock owner's duty to crew members of a vessel using the dock is defined by the application of state law, not maritime law." *Florida Fuels, Inc. v. Citgo Petroleum Corp.,* 6 F.3d 330, 332 (5th Cir.1993) (holding that Louisiana premises liability law governed a crew member's claim versus a dock which was not owned by his employer); *accord Forrester v. Ocean Marine Indem. Co.,* 11 F.3d 1213, 1218 (5th Cir.1993). Specifically, maritime law does not impose a duty on the dock owner to provide a means of safe ingress or egress. *See Forrester,* 11 F.3d at 1218. Therefore, because maritime law does not create a duty on the part of Defendant Phillips *vis-a-vis* Plaintiff, any claim Plaintiff does have versus Phillips

must necessarily arise under state law.[3] *See id.; Florida Fuels*, 6 F.3d at 332–34.

■ The Court, therefore, under *Erie*, applies the Texas statute of limitations. Texas has adopted a two-year statute of limitations for personal injury cases. *See* Tex. Civ. Prac. & Rem.Code § 16.003. Plaintiff failed to file his action versus Defendant Phillips within that two-year time frame. Plaintiff has offered no justification, such as the discovery rule or other similar tolling doctrines, for this failure. Accordingly, Plaintiff's claims versus Defendant Phillips were not timely filed and are barred. Defendant Phillips' Motion for Summary Judgment is **GRANTED** and Plaintiff's state law claims against Defendant Phillips are hereby **DISMISSED WITH PREJUDICE**. A Final Judgment reflecting such will be entered in due course.

## II. CONCLUSION

After this remarkably long walk on a short legal pier, having received no useful guidance whatever from either party, the Court has endeavored, primarily based upon its affection for both counsel, but also out of its own sense of morbid curiosity, to resolve what it perceived to be the legal issue presented. Despite the waste of perfectly good crayon seen in both parties' briefing (and the inexplicable odor of wet dog emanating from such) the Court believes it has satisfactorily resolved this matter. Defendant's Motion for Summary Judgment is **GRANTED**.

At this juncture, Plaintiff retains, albeit seemingly to his befuddlement and/or consternation, a maritime law cause of action versus his alleged Jones Act employer,

Defendant Unity Marine Corporation, Inc. However, it is well known around these parts that Unity Marine's lawyer is equally likable and has been writing crisply in ink since the second grade. Some old-timers even spin yarns of an ability to type. The Court cannot speak to the veracity of such loose talk, but out of caution, the Court suggests that Plaintiff's lovable counsel had best upgrade to a nice shiny No. 2 pencil or at least sharpen what's left of the stubs of his crayons for what remains of this heart-stopping, spine-tingling action.[4]

**IT IS SO ORDERED.**

---

**3.** Take heed and be suitably awed, oh boys and girls—the Court was able to state the issue and its resolution in one paragraph ... despite dozens of pages of gibberish from the parties to the contrary!

**4.** In either case, the Court cautions Plaintiff's counsel not to run with a sharpened writing utensil in hand—he could put his eye out.