# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2024

Lyle W. Cayce
Clerk

————————

No. 22-30660

————————

LILLIAN L. KING, *Income & Principal Beneficiary & Co-Trustee of the Voris King Trust*; FRANCES E. HANSEN, *Income & Principal Beneficiary of the Voris King Trust*; MARY NELL SINAI, *Income & Principal Beneficiary of The Voris King Trust*,

*Plaintiffs—Appellants*,

*versus*

WILLIAM V. KING, *Individually & as Co-Trustee of the Voris King Trust*; TOBE AYRES LEONARD, *Co-Trustee of the Voris King Trust*; J. MICHAEL VERON, *Co-Trustee of the Voris King Trust*; WILLIAM VORIS KING, *Executor of the Estate of Alvin Bardine King*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-1677

————————————————————————

Before HIGGINBOTHAM, SMITH, and ELROD, *Circuit Judges*.

JENNIFER WALKER ELROD, *Circuit Judge*:

Appellants, beneficiaries of a family trust, sued the appellees, co-trustees of the trust, under Louisiana law alleging that the co-trustees mismanaged the trust and created a second, secret trust to withhold money from the beneficiaries. The beneficiaries sought a declaratory judgment,

accountings, and damages. After the beneficiaries failed to provide a calculation of damages as required by Federal Rule of Civil Procedure 26, the district court granted the co-trustees' motion *in limine* excluding all evidence of damages.[1] The district court then granted the co-trustees' motion for summary judgment on all claims because the beneficiaries could not prove damages and because the beneficiaries were not entitled to a declaratory judgment or accountings. The beneficiaries timely appealed. Because the district court did not abuse its discretion in excluding all evidence of damages, we AFFIRM the summary judgment.

I

In December 1969, Voris King and his wife, Frances T. King, established the Voris King Trust. Voris named his children—Charles Stirling King, Virginia King Ayres, William "Bill" King, and Alvin King—as income beneficiaries of the Trust, and he named his grandchildren as a class of principal beneficiaries. Voris's four children and another person from outside of the King family initially served as co-trustees of the Trust.

When Charles King died in 1992, his income-beneficiary status passed to his daughters, the appellants here ("Beneficiaries"). One of his daughters, Lillian King, assumed his role as co-trustee.

In December 2019, the Beneficiaries sued the Co-Trustees of the Trust in the Western District of Louisiana for claims arising out of the Co-Trustees' management of the Trust and the successions of their father and grandfather. In 2021, Beneficiaries filed an amended complaint, alleging that the Co-Trustees had created a secret trust in 1994 to divert money from the Trust without the Beneficiaries' knowledge. The Beneficiaries sought a

---

[1] As we explain below, this "motion *in limine*" is more properly described as a motion to exclude evidence.

declaratory judgment (Count I); an accounting of the Trust, the secret trust, and the two successions (Count II); and damages under theories of breach of trust (Count III), breach of fiduciary duties (Count IV), fraud (Count V), and enrichment without cause (Count VI).

The district court twice granted the Beneficiaries' unopposed motions to continue trial and discovery deadlines, and it ultimately set a discovery deadline in May 2022. After discovery closed, and four months before trial, the Co-Trustees filed a motion *in limine* to exclude all evidence of damages under Federal Rule of Civil Procedure 37, citing the Beneficiaries' failure to provide a timely damages calculation. Specifically, the Co-Trustees sought exclusion of "any evidence of financial damages in any proceeding in this case, including hearings, motions, [and] response[s] to motions on trial." The Co-Trustees also filed a motion for summary judgment on all claims.

The Beneficiaries opposed the motion *in limine* and attached to their response a damages calculation of $36,877,677 in total damages. The Beneficiaries also opposed the motion for summary judgment.

The district court heard oral argument on both motions on September 2, 2022. The court orally granted the Co-Trustees' motion *in limine* and excluded all evidence of damages. It later granted the motion for summary judgment, determining that Count I was moot and that no genuine issues of material fact precluded summary judgment. It also concluded that summary judgment was proper on Count II because the Beneficiaries had waived the right to receive formal accountings. Finally, it concluded that summary judgment was proper on Counts III–VI because the Beneficiaries, in light of the order excluding evidence of damages, could not prove damages for those claims and, alternatively, because those claims were time-barred under Louisiana law.

The Beneficiaries timely appealed, raising two primary issues. First, the Beneficiaries contend that the district court erred in granting the Co-Trustees' motion *in limine* to exclude all evidence of damages. Second, they argue that the district court erred in granting summary judgment.

## II

Beneficiaries argue that the district court erred in granting the Co-Trustees' motion *in limine* because it was unduly harsh and a "litigation-ending sanction."

At the outset, we note that the Co-Trustees' motion appears to be a motion *in limine* in name only. Motions *in limine* are prophylactic motions intended "to exclude anticipated prejudicial evidence before the evidence is actually offered" at trial because it runs afoul of applicable rules of evidence. 21 Charles Alan Wright et al., Federal Practice & Procedure § 5037.10 (2d ed. 2005) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The Co-Trustees' motion, by contrast, sought to prohibit the Beneficiaries from offering damages evidence at the summary judgment stage as a sanction under Federal Rule of Civil Procedure 37. Accordingly, it is more properly considered a motion to exclude. *See Moore v. CITGO Refin. & Chems. Co., L.P.*, 735 F.3d 309, 314–15 (5th Cir. 2013).

The distinction is not merely one of semantics, because the grant of a motion *in limine* does not preserve error for appeal unless the non-moving party objects when it attempts to offer the evidence at trial. *United States v. Graves*, 5 F.3d 1546, 1551 (5th Cir. 1993). This case did not proceed to trial, however, and the record does not reflect that the Beneficiaries objected or attempted to offer damages evidence after the district court entered its order on the motion. Nevertheless, and out of an abundance of caution, we address the Beneficiaries' argument that the district court erred in granting the Co-Trustees' motion, treating it as a motion to exclude.

No. 22-30660

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that each party disclose a "computation of each category of damages claimed by the disclosing party." If a party fails to do so, "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37(b)(2)(A)(ii) (permitting court to prohibit disobedient parties from introducing evidence).

The court reviews evidentiary rulings, including decisions to exclude evidence, for abuse of discretion. *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 233 (5th Cir. 2016). We employ the "*CQ* factors" to determine whether a district court abused its discretion when it excludes untimely evidence. *See, e.g.*, *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 279–80 (5th Cir. 2009); *see also Moore*, 735 F.3d at 318–19 (referring to the *CQ* factors as the "*Sierra Club* factors"). These factors include: (1) the importance of the evidence; (2) any prejudice to the opposing party that would result if the evidence were admitted; (3) the availability of a continuance to cure such prejudice; and (4) the party's explanation for its failure to comply with Rule 26 in the first instance.[2] *CQ, Inc.*, 565 F.3d at 280.

---

[2] The Beneficiaries contend that the district court should have used the "*Conner* factors," which pose a higher bar for exclusion than do the *CQ* factors, because this is a "litigation-ending sanction." The Beneficiaries did not raise this argument in the district court. Indeed, they agreed in the district court that the *CQ* factors applied and briefed those factors before the hearing on the Co-Trustees' motion. Thus, the Beneficiaries' argument is forfeited. *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021) ("We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal."). Even if it were properly preserved, this argument is at odds with our precedent. We have routinely reviewed orders excluding damages evidence using the *CQ* factors when the exclusion of evidence leads to the dismissal of claims. *See, e.g.*, *Moore*, 735 F.3d at 319; *Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990).

5

Under the first factor, the district court found that the damages evidence was important to the Beneficiaries' claims, an assessment with which both parties agree.  This factor weighs in favor of finding an abuse of discretion.  *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).  We acknowledge, however, that the importance of excluded evidence "cannot *singularly* override the enforcement of local rules and scheduling orders."  *Id.* (quoting *Barrett v. A. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)).

Under the second factor, the district court recognized that the Co-Trustees would be unable to rebut the approximately $37 million calculation because discovery deadlines had passed.  For example, there would be "a lot of prejudice to [Co-Trustees]" in allowing evidence of damages because Bill King couldn't testify or rebut the evidence due to medical reasons.  This finding accords with Fifth Circuit caselaw, which often views late submissions like this one as giving moving parties "little opportunity to examine" the late evidence.  *See, e.g.*, *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 373 (5th Cir. 2016).  This factor weighs in favor of upholding the sanction.  *See id.*

Under the third factor, we have explained that a "continuance is the 'preferred means of dealing with a party's attempt to [offer evidence] out of time.'"  *Id.* at 374 (citation omitted).  Nevertheless, "a continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'"  *Barrett*, 95 F.3d at 381 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)).  Here, the district court had already *twice* continued trial and discovery deadlines at the request of the Beneficiaries.  And the Beneficiaries failed to move for a continuance before the May 2022 discovery deadline.  This factor weighs in favor of upholding the sanction.  *See id.*

Under the fourth factor, the district court found that the Beneficiaries' explanation for its delay was "no explanation" at all. We agree. The Beneficiaries had two-and-a-half years to compute damages, but failed to do so until two months after discovery closed, and one month after the Co-Trustees filed their motion *in limine*. Even now, the Beneficiaries only vaguely assert that they can offer lay testimony as to damages, but they cite no record evidence to substantiate their $37 million request. Although the Beneficiaries lament the Co-Trustees' "refusal" to provide some documents to them, the Beneficiaries have not identified any outstanding discovery requests or appealed any of the district court's discovery rulings. Indeed, the Beneficiaries' lone motion to compel was filed on the same day that discovery closed in May 2022, and the Beneficiaries later withdrew the motion because the Co-Trustees "produced the requested item." If the Co-Trustees failed to overturn discovery as the Beneficiaries claim, the Beneficiaries should have litigated these disputes in the district court.

Having considered these factors, we conclude that the district court did not abuse its discretion in granting the Co-Trustees' motion to exclude evidence of damages.

## III

The Beneficiaries also argue that the district court erred in granting the Co-Trustees' motion for summary judgment.

"This court reviews the grant of summary judgment *de novo*." *Discover Prop. & Cas. Ins. Co. v. Blue Bell Creameries USA, Inc.*, 73 F.4th 322, 327 (5th Cir. 2023) (citation omitted). "Summary judgment is proper if the movant shows that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citation omitted). "There can be no genuine dispute as to a material fact where a party fails 'to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial.'" *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also* 10A Charles Alan Wright et al., Federal Practice & Procedure § 2727.1 (4th ed. 2024) (explaining that a party moving for summary judgment carries its burden if it demonstrates that the non-moving party, who will bear the burden of persuasion at trial, lacks evidence sufficient "to establish an essential element of its claim").

Both parties acknowledge that evidence of damages is essential to the Beneficiaries' damages claims, Counts III–VI. Indeed, the Beneficiaries concede that it is "not in dispute" that, without evidence of damages, their damages claims should be dismissed. Because the district court did not abuse its discretion in excluding damages evidence and because the Beneficiaries are thus unable to prove an essential element of their claims, the district court did not err in granting summary judgment on Counts III–VI. *See Barrett*, 95 F.3d at 383 (concluding that district court did not abuse its discretion in excluding expert testimony and subsequently affirming grant of summary judgment because plaintiffs could not prove essential element of their claims).

Given the foregoing, we also affirm the dismissal of the Beneficiaries' request for a declaratory judgment under Count I.[3] The Beneficiaries'

---

[3] The sole remaining count is Count II, the Beneficiaries' request for accountings. The district court granted summary judgment on Count II because it found that the Beneficiaries signed "succession waiver" forms, which waived the right to any formal accounting for the successions. Although the Beneficiaries mention this ruling in their "summary of the argument," they fail to adequately brief this issue elsewhere. Thus, it is forfeited. *Rollins*, 8 F.4th at 397. At any rate, the plain language from the "four corners" of the succession waivers clearly states that each Beneficiary waives "any requirement for formal accounting" regarding the successions. *See delaVergne v. delaVergne*, 514 So. 2d 186,

No. 22-30660

requested declaratory judgment is remedial in nature, and absent an underlying claim for recovery, it should be dismissed. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996); *Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 217–18 (5th Cir. 2015) ("When the other claims have been dismissed, it is appropriate also to dismiss any declaratory-judgment request.").

\*    \*    \*

Because the district court did not abuse its discretion in granting the Co-Trustees' motion to exclude, the Beneficiaries are unable to prove damages. Thus, the district court did not err in granting summary judgment on Counts III–VI and the Beneficiaries' request for a declaratory judgment, Count I. Accordingly, we AFFIRM.

---

189–90 (La. Ct. App. 1987) (looking to the "four corners" of an agreement that waived succession accounting). We see no reason to deviate from this plain language.