# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

————————

No. 25-30259

————————

William T. Savage, Sr.,

*Plaintiff—Appellant*,

*versus*

LaSalle Management Company, *also known as* LaSalle
Correctional Center; LaSalle Corrections, L.L.C.,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-2253

————————————————————

Before Smith, Wiener, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

This case comes before the court after four years of litigation with no significant discovery or case development and multiple continuances for Plaintiff–Appellant's benefit. Plaintiff–Appellant William Savage ("Plaintiff") contends that the district court erred in granting Defendants LaSalle Management Co. and LaSalle Corrections, L.L.C.'s ("Defendants") motion to exclude all evidence and subsequent motion to dismiss. For the reasons stated below, we disagree and AFFIRM.

No. 25-30259

## I.

Plaintiff filed this case in July 2021, alleging employment discrimination and retaliation claims under both federal and state law. In October 2022, Defendants sent Plaintiff interrogatories and requests for production. By March 2023, Plaintiff's Counsel ("Counsel") still had not answered Defendants' requests, leading Defendants to file a motion to compel. Plaintiff did not oppose the motion because Counsel was "unaware" of it. The magistrate judge granted the motion in part, directed Plaintiff to respond to Defendants' discovery requests, and ordered Plaintiff to pay $300 in attorney's fees. After Counsel failed to comply with that order, Defendants moved to dismiss under Federal Rules of Civil Procedure 37(b)(2) and 41(b), or alternatively, to replace the district court's scheduling order. Plaintiff opposed that motion, and Counsel took responsibility for failing to complete discovery. The district court denied Defendants' motion to dismiss but vacated its scheduling order, delayed trial, and assessed $600 in attorney's fees against Counsel. The parties then filed a joint motion for an extension of time to complete discovery, which the magistrate judge granted, further delaying trial by eight weeks.

Even after twice being ordered to pay attorney's fees, Counsel still did not prioritize this case. As the third trial date approached without any case development, Defendants filed a motion to exclude all evidence. The district court denied the motion, delayed trial for another year, and warned the parties that it would not continue trial again. As the fourth trial date

2

approached, discovery still had not progressed, and Defendants again moved to exclude all evidence.[1]

The district court scheduled a status conference to discuss the motion, and despite receiving and acknowledging notice of the conference, Counsel "forgot" to attend. Having already given Plaintiff several opportunities to advance this case, the district court granted the motion. With no evidence for Plaintiff to present at trial, Defendants then moved to dismiss the case. The district court granted the motion and dismissed the case with prejudice. Plaintiff now appeals.

## II.

Plaintiff challenges both the district court's order granting Defendants' motion to exclude and its order granting Defendants' motion to dismiss. We review "evidentiary rulings, including decisions to exclude, for abuse of discretion." *King v. King*, 117 F.4th 301, 306 (5th Cir. 2024). We also "review a dismissal with prejudice for failure to prosecute for abuse of discretion." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). However, we recognize that "dismissal with prejudice is an extreme sanction" and thus have "limited the district court's discretion" on this front. *Id.* (cleaned up); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021). Plaintiff has failed to show that the district court abused its discretion in granting either motion.

## A.

First, Plaintiff contends that the district court applied the wrong standard in reviewing Defendants' motion to exclude. The district court

---

[1] Defendants styled their motion as a motion in limine, but the district court properly treated it as a motion to exclude. For clarity, we refer to the motion as a motion to exclude.

evaluated Defendants' motion under the four-factor framework for exclusion of evidence as a discovery sanction, considering: (1) the party's explanation for its failure to identify witnesses and exhibits, (2) the importance of the evidence, (3) the potential prejudice in allowing the evidence, and (4) the availability of a continuance to cure any prejudice. *See Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *King*, 117 F.4th at 307.

Plaintiff argues that the exclusion of all evidence was effectively a litigation-ending sanction, so the district court instead should have used the heightened standard articulated in *FDIC v. Conner*, 20 F.3d 1376 (5th Cir. 1994), which applies when a district court dismisses a case with prejudice as a sanction for failure to comply with a discovery order.[2] We recently rejected an argument that the *Conner* factors should govern exclusion when it functions as a "litigation-ending sanction" as "at odds with our precedent." *King*, 117 F.4th at 307 n.2. In *King v. King*, we noted that we have "routinely" used the exclusion factors, even "when the exclusion of evidence leads to the dismissal of claims." *Id.* Plaintiff has not presented a reason for us to deviate from that course now. Thus, we find that the district court did not err in applying the typical exclusion framework to Defendants' motion.

Within that framework, Plaintiff only challenges the third and fourth factors on appeal. First, Plaintiff contends that Defendants have failed to

---

[2] In *Conner*, we stated that dismissal is appropriate where: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) "the violation of the discovery order" is "attributable to the client instead of the attorney"; and (3) the violating party's misconduct would "substantially prejudice the opposing party." 20 F.3d at 1380 (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)). Additionally, we noted that "dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect." *Id.* at 1381.

show any prejudice from the delays in litigation because Defendants failed to notice depositions and to file a motion to compel.  The record shows that Defendants requested dates for Plaintiff's deposition, and Defendants did file a motion to compel in March 2023, after which Counsel still did not participate in discovery.  As the district court explained, the "dilatory development of the case" deprived Defendants of any "meaningful understanding" of Plaintiff's theories of liability and of a chance to file dispositive motions based on the evidence.  Therefore, Defendants would have been prejudiced without exclusion.

Plaintiff next contends that a continuance would have cured any prejudice.  But the district court had already continued trial for Plaintiff's benefit three times and had warned the parties that it would not grant another continuance.  Despite these extensions, the case remained, as the district court put it, "woefully underdeveloped."  The district court gave Plaintiff several chances to prosecute this case effectively, none of which Counsel took.  Thus, a continuance would have proven futile, and the district court did not err in excluding Plaintiff's evidence.

B.

Next, Plaintiff argues that dismissal is a sanction of last resort and that Counsel's conduct in this case does not rise to a level warranting dismissal.[3] Plaintiff is correct that we carefully review dismissals with prejudice, but

---

[3] Plaintiff also separately asserts that the district court's citation to *Bradshaw v. Unity Marine Corp.*, 147 F. Supp. 2d 668, 670, 672 n.3 (S.D. Tex. 2001), stating that Counsel filed "amateurish" pleadings and "gibberish," constitutes reversible error. While regrettable, this reference does not create reversible error.  The district court did not dismiss Plaintiff's case because of the quality of Counsel's filings.  It dismissed the case because Plaintiff failed to prosecute it for over four years.

dismissal with prejudice was appropriate here, given Counsel's severe lack of participation in this case.[4]

We affirm dismissals with prejudice for failure to prosecute "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry*, 975 F.2d at 1191 (footnote omitted). Additionally, in most cases where we have affirmed dismissals with prejudice, we have "found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (cleaned up).

Here, we find that there is a clear record of delay, and that lesser sanctions proved futile. While not strictly necessary that we also identify an aggravating factor, we find that Defendants were prejudiced by Plaintiff's repeated delays in this case.

First, the delay in this case is clear. Plaintiff asserts that the record does not show any intentional delay, but no intent is required; intentional delay is just one possible aggravating factor. Plaintiff filed this case in July 2021 and then allowed it to languish in district court for four years. The district court gave Plaintiff several opportunities to participate, denying prior

---

[4] The district court relied on our summary judgment decision in *King v. King*, 117 F.4th 301, as its primary basis for granting Defendants' motion to dismiss but also noted that Federal Rules of Civil Procedure 37 and 41—under which Defendants moved to dismiss—provided adequate bases for dismissal. Because failure to prosecute under Rule 41(b) is dispositive, we do not reach the parties' arguments about Rule 37. And because neither party discusses the district court's reliance on *King* in the dismissal order in their briefing on appeal, we do not address whether the district court properly relied on that opinion to dismiss this case.

motions to exclude and to dismiss and continuing trial three times so that the parties could complete discovery and advance this litigation. The third time the district court continued trial, it warned the parties that it would not grant another continuance. Yet, Counsel still did not produce discovery or persist in scheduling any depositions. After four years with no significant discovery or case development, the record clearly shows delay in this case.

Second, Plaintiff argues that a continuance, a "firm deposition schedule," or lesser sanctions like cost shifting would have been more appropriate than dismissal. The record indicates otherwise. The district court already continued trial for Plaintiff's benefit multiple times; the parties had a conference in April 2024 to discuss discovery deadlines, including for depositions that never came to fruition; and the district court twice ordered attorney's fees against Plaintiff and Counsel. Despite the district court's admonitions and attorney's fees sanctions, Counsel continued to ignore her responsibilities in this case, even missing a status conference scheduled after Defendants filed their motion to exclude.[5] Thus, lesser sanctions proved futile, and dismissal with prejudice was justified.

Third, as to the aggravating factors, Plaintiff argues that Defendants were not prejudiced by Counsel's conduct because it was Defendants who were unprepared for trial and missed deadlines. But Defendants could not prepare for trial because they did not have any evidence from Plaintiff. As

---

[5] There is no indication that the delays in this case are attributable to Plaintiff, as opposed to his Counsel. Indeed, Counsel has admitted fault for failing to complete discovery and missing a court appearance. We are sympathetic that Plaintiff suffers the consequences of Counsel's actions in this case, but the distinction between Plaintiff and Counsel does not require a different result here. *Cf. Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 702 n.7 (5th Cir. 2023) ("[W]here an attorney's conduct falls substantially below what is reasonable under the circumstances, the party may not avoid the consequences of the acts or omissions of his freely selected agent." (cleaned up)).

No. 25-30259

discussed above, the district court correctly found that permitting Plaintiff to present evidence at trial would prejudice Defendants because they would have no meaningful opportunity to examine the evidence and mount a defense, and Defendants had already been deprived of the opportunity to file dispositive motions. Thus, the aggravating factor of prejudice to Defendants is met, and the district court did not abuse its discretion in dismissing Plaintiff's case with prejudice.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.